Low v. Taylor.

EUGENE S. LOW, Cashier, Respondent, v. THOMAS R. TAYLOR et al., Appellants.

Kansas City Court of Appeals, May 19, 1890.

1. Trial Practice: FILING INSTRUMENT: ACCOUNT. It is not necessary to file anything more than the instrument sued on, so it is not necessary to file a bill of the items constituting the consideration of the note sued on.

2. ———: PRODUCTION OF BOOKS: COURT'S DISCRETION. Where a
*duces tecum* was served while the witness was on the stand, the
court's discretion was not abused in refusing to send for books,
under the circumstances of this case, nor was there abuse in the
manner the books produced were examined.

3. Evidence: SUFFICIENCY OF: ADMISSIONS OF PRINCIPAL. The
evidence in this case examined and found sufficient to sustain
plaintiff's case, though admissions of the principal are not conclu-
sive against the surety.

4. Overdraft: INCLUDES WHAT: SURETY. A bank charged a shipper
exchange on carloads of stock shipped, and included it in the total
of his overdrafts. *Held*, it was properly so included as against a
surety of the shipper's overdrafts.

*Appeal from De Kalb Circuit Court.*—HON. C. H. S.
GOODMAN, Judge.

AFFIRMED.

Statement by the court.

The following is the material portion of plaintiff's
petition: "That on said day the defendants, under
the names of E. H. Reynolds and T. R. Taylor, by their
promissory note, filed with plaintiff's original petition,
herein and herewith referred to, and made a part of
this petition, promised, for value received, ninety days
after the date thereof, to pay to the order of the cashier
of the De Kalb County Bank three hundred dollars
($300), with interest at ten per cent. per annum from
date till paid. That, if the interest is not annually
paid, to become as principal, and bear the same rate of
interest, and payable at the De Kalb County Bank.
Plaintiff further states that, as a part of said contract,
it was agreed and indorsed on said note the following
memorandum: "This note is made for the purpose of
obtaining credit, and is held as security for any over-
draft made by E. H. Reynolds, and payable only to the
extent of such overdraft," which said indorsement
referred to credit which said Reynolds desired with the

said De Kalb County Bank, and to such overdraft as he might make upon said bank. Plaintiff further states that the said E. H. Reynolds, before the bringing of this suit, to-wit, on the fifth day of May, 1887, had overdrawn his account with said bank in the sum of three hundred and thirty dollars and twelve cents ($330.12), which was more than the amount of said note and interest up to said date. The payment of said note was demanded of the defendants on account of said overdrafts, and payment thereof refused. That, on account of the premises aforesaid, the whole amount of said note, together with interest thereon, at the rate of ten per cent. per annum, from the fifth day of February, 1887, is now due plaintiff, and unpaid."

*K. B. Randolph*, for appellants.

(1) The instrument which is made the basis of this suit by respondent is a guaranty. *Bloxon v. Neal*, K. B. 1832; Chitty on Bills [11 Ed.] note p. 219. 1 Rapalje and Lawrence Law Dictionary, p. 582, and cases cited; *Railroad v. Levy*, 17 Mo. App. 503; *Barnard v. Cushing*, 4 Metc. (Mass.) 230. By the terms of the contract, Taylor, the appellant, guarantees the payment of any overdraft made by E. H. Reynolds. (2) The court erred in permitting any evidence to be introduced on the part of the plaintiff over appellants' objection until a copy of the account was filed, or incorporated in plaintiff's pleadings. R. S. 1879, sec. 3547. (3) The court erred in refusing to compel the witness, Eugene S. Low, to produce in court all of the books of original entry, showing the account of E. H. Reynolds with the bank. (4) The court erred in refusing to permit counsel for appellants to take the books into his hands for the purpose of cross-examination and inspection, and in ruling that, if the counsel wanted to see the books, he could stand up by the witness and look at them. (5) The court erred in refusing declaration of law

number 1.     The finding of the court should have been for the defendant Taylor.     The witness Low, who was the only witness, repeatedly confessed in his testimony that he knew nothing concerning this account, of his own knowledge ; that he was out of the city when most of the transactions were had.     That part of the amount alleged by him to be owing was for exchange and charges per car for shipment of cattle and hogs, but what part of the account he could not tell.     Such evidence is hearsay.     1 Greenleaf on Evidence [5 Ed.] secs. 99, 100.     The testimony of E. S. Low would not have made the books themselves competent.     *Blacksmith Co. v. Carreras*, 19 Mo. App. 162 ; *Hensgen v. Mullally*, 23 Mo. App. 613.     If the books themselves under his testimony would not have been competent, it was certainly incompetent for him to testify concerning their contents.     *Anderson v. Volmer*, 83 Mo. 404 ; *Cozens v. Barrett*, 23 Mo. 544 ; *Adm'r v. Walson*, 20 Mo. 13 ; *Hisrick v. McPherson*, 20 Mo. 310 ; *Briggs v. Henderson*, 49 Mo. 531.

*J. F. Harwood*, for respondent.

(1) How, then, did the case stand before the judge who tried it ? *First*. The execution of the instrument sued on was admitted. *Second*. By the terms of the instrument it matured before suit was brought. *Third*. The plaintiff proved the amount of the overdraft at the maturity of the note sued on to be $270.12. *Fourth*. The defendant offered no evidence of any kind. Now, what more did the plaintiff have to do to recover ? Section 3547, Revised Statutes, 1879, does not require the items of an account to be set forth in or filed with a petition except in suits founded upon an account. *Fifth*. The defendant had completely ignored the provisions of sections 3644 and 3645, Revised Statutes, 1879, and no reason is given for waiting until the witness had been sworn on the trial of the cause to ask for the

production of books.   Also the manner of examining the books after they were brought into court was clearly within the discretion of the court, and nothing in the record shows any abuse of such discretion.

*S. S. Brown*, for respondent.

Cited : 1 Parson's Notes and Bills, 195 ; *Lanheim v. Wilmarding*, 55 Pa. St. 75 ; *Richardson v. Anderson*, 1 Cam. 43, note ; *Sherman & Co. v. Gilbert*, 29 N. J. L. 521, and cases cited ; *Edwards v. Jones*, 7 Car. & Payne, 633.

ELLISON, J.—The instrument declared upon in the petition is as follows :

"$300.00.        MAYSVILLE, Mo., February 5, 1887.

"Ninety days after date we promise to pay to the order of cashier of the De Kalb County Bank three hundred dollars, with interest at ten per cent. per annum from date until paid.   If interest is not annually paid to become as the principal and bear the same rate of interest.   Payable at the De Kalb County Bank.

"E. H. REYNOLDS,<br>"T. R. TAYLOR."

That part written on the back of said instrument is as follows:  "This note is made for the purpose of obtaining credit and is held as security for any overdraft made by E. H. Reynolds, and payable only to the extent of such overdraft."   The trial below resulted in plaintiff's favor, and defendant Taylor appeals.   Taylor alone defends ; his answer admits the execution of the instrument but denies there were any overdrafts.

I.   It was objected at the trial that plaintiff should have filed with his petition a bill of the account showing the items thereof.   It was not necessary to file anything more than the instrument sued on, which was done in this case as will be seen by reference to the petition.   The fact that an account composed of items

made up the consideration of the note does not render it necessary to file such account, or to state a bill of such items.

There was no error committed in refusing to have plaintiff as a witness produce other books than those produced. The subpœna *duces tecum* was served while the witness was on the stand, and the court's discretion was not abused in refusing to send for books under such circumstances. Nor was there an abuse of the discretion of the court in its control of the manner in which the books produced were examined.

Stress is laid on what is charged to be the insufficiency of the testimony to sustain plaintiff's case, in that the witness testified, not from his knowledge, but from what he learned from the books. This objection is not well founded. The witness was cross-examined at some length as to what he knew of his own knowledge and what he learned from the books, and whether all his testimony as to the state of the account and its correctness was not based on what he learned from the books. He stated that he knew the charges were correct; "because we compared the books with E. H. Reynolds and he acknowledged the correctness of them. We compared our books all the way through." Again, on further cross-examination the witness stated: "I compared the checks and deposits with our books, and we have E. H. Reynolds' certificate that they are all right." In the absence of testimony on the part of defendants, we consider plaintiff's case was made out. Defendant Reynolds' admission was not conclusive against defendant Taylor, yet it tended to prove the case and was sufficient to base a verdict upon.

II.   Objection is made as to exchange on shipments being allowed or considered by the court in making up the amount of overdrafts by Reynolds. The objection was embodied in the following instruction which the court refused: "2. The court declares as a matter of

law that an overdraft is money drawn from the bank on the check of an individual, when such individual has no money in such bank, and that charges for exchange and charges per car for shipment of cattle and hogs are not overdrafts, and cannot be charged against defendant Taylor in this case." Reynolds appears to have been engaged in shipping stock and was being furnished money by the bank. The bank charged him exchange on carloads of stock shipped and included such charges as a part of the total of his overdrafts. We are of the opinion that this came within the terms " overdraft," as used in the indorsement on the note, and, therefore, properly allowed.

The judgment is affirmed.    All concur.